SMITH & Co. *v.* UNITED STATES (No. 2103).[1]

APPRAISEMENT, FINALITY OF—ERROR WITHOUT INJURY.

360 car wheels were invoiced, entered, and appraised as 180 sets, $1,800. No appeal from the appraisement was taken and duty was had at the correct ad valorem rate upon the $1,800. Proof that a set of such wheels is 4 instead of 2 is of no avail, since the appraised value of $1,800 is, under paragraph M, Section III, tariff act of 1913, final and conclusive.

United States Court of Customs Appeals, January 13, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44141.

[Affirmed.]

Appellants for themselves.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument October 29, 1921, by Mr. Lawrence.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Goods of foreign manufacture invoiced as 180 sets of dump-car wheels, imported at Spokane, Wash., were classified by the collector of customs at the port of Seattle as car wheels, 2 wheels to the set.

---

[1] T. D. 38989.

and assessed for duty as manufactures of metal under that part of paragraph 167 of the tariff act of 1913 which reads as follows:

167. Articles or wares not specially provided for in this section; * * * if composed wholly or in chief value of iron, steel, * * * or other metal, * * * whether partly or wholly manufactured, 20 per centum ad valorem.

The importers protested that a set of dump-car wheels was composed of 4 wheels and not 2 wheels as found by the appraiser and the collector, and claimed that as only 90 sets of foreign-made wheels arrived instead of 180 sets as invoiced, the importation should have been certified as short shipped to the extent of 90 sets of wheels.

The Board of General Appraisers overruled the protest and the importers appealed.

At the time of entry an affidavit was made and delivered to the collector in which affidavit it was set forth that a set of railroad dump-car wheels consisted of 4 wheels. At the hearing by the board on the protest, the deputy collector of customs at Spokane testified on behalf of the importers that he inspected the shipment of dump-car wheels on their arrival from Canada and found them to be wheels such as are used on dump cars for railroad construction. He said that there were 720 wheels altogether, 360 of which were of foreign manufacture and 360 American goods returned. He further testified that 4 wheels were required for each car and that a set of car wheels consisted of 2 axles and 4 wheels. According to this witness there were 180 pairs or 90 sets of foreign wheels imported, and he therefore found a shortage in the importation. In his opinion the value of the shipment as stated in the invoice on the basis of 4 wheels to the set was conservative and consequently he passed the invoice value as correct.

The collector of customs at Seattle, Wash., liquidated the entry of foreign wheels on the basis of 2 wheels to the set and fixed the duty at 20 per cent of $1,800, the appraised value thereof.

We think that the evidence of the deputy collector at Spokane submitted by the importers and admitted without objection established that 4 wheels constituted a set of dump-car wheels, from which it follows that only half the number of sets invoiced actually arrived. It appears on the face of the entry, however, that the wheels were appraised by the appraiser at *$10 per set on the basis of 2 wheels to the set* instead of $10 for 4 wheels, as claimed by the importers. While the collector therefore assessed duty on twice the number of sets actually imported, the amount of duty collected was no more than the Government was entitled to receive, inasmuch as 2 wheels were finally appraised at double their invoice value. Wrong though the collector and the appraiser may have been in holding that 2 wheels not 4 constituted a set, the fact remains that the wheels

imported and subject to duty were officially appraised at $1,800, and that on that sum the collector took duty at the rate prescribed by law.

The papers in the case establish beyond question that each 2 wheels of the 360 foreign wheels imported was appraised at $10. That value may have been twice as much as the real market value of the wheels, but no appeal having been taken to reappraisement, the appraiser's finding as to value must stand because of the express command of the statute—

The decision of the appraiser, or the person acting as such (in case where no objection is made thereto, either by the collector or by the importer, owner, consignee, or agent), or the single general appraiser in case of no appeal, or of the board of three general appraisers, in all reappraisement cases, shall be final and conclusive against all parties and shall not be subject to review in any manner for any cause in any tribunal or court, * * *. (Par. M, Sec. III, tariff act of 1913.)

The decision of the Board of General Appraisers is therefore *affirmed.*