## W. X. Huber Co. v. United States

No. 4418.—Invoice dated Hong Kong, August 31, 1936.
 Certified September 2, 1936.
 Entered at Los Angeles, Calif., September 28, 1936.
 Entry No. 2004.

(Decided October 19, 1938)

*Philip Stein* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of certain silk wearing apparel imported from China and entered at the port of Los Angeles in September, 1936.

The merchandise was appraised as entered. The basis of appraisement is not disputed, nor was any proof offered by the plaintiff. In fact, the only evidence in the case is that contained in the official record.

It appears that as to the goods contained in case 568, items 3450 and 3451, the appraiser made this red-ink notation on the invoice: "Damaged by mold. Amount of damage estimated @ 25%." But in determining the value thereof, it is the contention of the plaintiff that the appraiser made no allowance for said damaged goods. Nor was the entered value changed by the plaintiff by timely amendment of the entry.

At the hearing held at Los Angeles on February 4, 1938, counsel for the Government formally moved to dismiss "on the ground that the appeal to reappraisement was improperly brought; that there is no difference between the entered and the appraised value."

In his brief filed herein, counsel for the plaintiff contends, first, that this court may find a value for the merchandise lower than the entered and appraised value thereof; and, second, that this appeal to reappraisement is the proper remedy in the present circumstances, citing authorities allegedly in support of both contentions.

As to the first of such allegations, it is undoubtedly true that this court may find a value lower than the entered value. But, as pointed out by counsel for the Government, the collector may not, under the law, liquidate the entry on less than said entered value. Therefore, any such action on my part would be meaningless and of no legal effect.

The case of *Smith & Co.* v. *United States*, 11 Ct. Cust. Appls. 224, T. D. 38989, is cited in support of the second contention that the proper remedy in the premises is this appeal to reappraisement. There, the appraiser doubled the value of the involved merchandise, and of course the importer's only recourse was an appeal to reappraisement. But that is not the situation here. In the instant case the goods were appraised as entered. To overcome the presumption of correctness of such action the onus was upon the importer to prove that the appraised value was erroneous and to establish the correct value of the merchandise. The plaintiff offered no such evidence.

It may well be that the appraiser intended to make some allowance in his determination of value for the damaged portion of the goods, but unfortunately failed to do so. Consequently, it would seem that the only remedy, if any, available to the plaintiff would be to await the collector's liquidation of the entry and then to protest his decision. However, as the record now stands there appears to be nothing that I can do except to dismiss the present appeal, which I now do.

Judgment will be rendered accordingly.