June 9, 1941

**No. 46044.**—————————Protest 10072–K of India Products Co. Abstract 45765. Plaintiff's application for rehearing denied.

Third Division:

This is a motion for rehearing filed by the plaintiff who alleges in his brief accompanying the application that the court erred in dismissing the protest because the proper remedy should have been an application to the Secretary of the Treasury for relief under the provisions of section 463, Tariff Act of 1930, whereas in a decision on reappraisement proceedings involving the same merchandise (*W. X. Huber Co.* v. *United States*, 1 Cust. Ct. 680, Reap. Dec. 4418) the trial judge stated that the importer should seek relief by way of protest. The plaintiff claims that the court in this case should have considered the damaged portion of the shipment as a nonimportation in harmony with the decision in *W. X. Huber Co.* v. *United States*, C. D. 370, in which case it was held that where the appraiser upon his examination found that merchandise was damaged it must be considered that the damage occurred before importation and that the damaged goods constituted a nonimportation.

The facts in this case are quite different from those in *W. X. Huber Co.* v. *United States*, C. D. 370, *supra*, which involved vegetables known as water chestnuts and the record in that case showed that the water chestnuts which were damaged were found by the appraiser to be unfit for human consumption. It is not shown in this case that the appraiser found that any particular part of the ship-

ment was destroyed, as in the water chestnut case. The record seems to indicate that the appraiser found that the entire shipment of silk goods was damaged to the extent of 25 percent, which is a finding merely that the value of the goods was 25 percent less than the invoiced and entered value. Section 503 of the tariff act is effective in such case. It provides that

\* \* \* the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

As we read the decision on reappraisement (*W. X. Huber Co.* v. *United States*, 1 Cust. Ct. 680, Reap. Dec. 4417), the court dismissed the appeal because the plaintiff had not proved the value of the merchandise, not because the plaintiff should rely on protest as his remedy for relief.

The defendant, in his brief in opposition to the rehearing, alleges that inasmuch as the importer testified that he could not use any of the merchandise on account of its damaged condition, he could have avoided the payment of the duty thereon by abandoning the goods to the Government at any time within 30 days after entry of the merchandise not designated for examination or within 30 days after the release of the examination packages by the appraiser, under the provisions of section 506 (1), Tariff Act of 1930. This seems to be a remedy which was not sought by the plaintiff.

As, under the provisions of section 503 above quoted, the collector cannot liquidate the entry on a basis of less than the entered value, even though the merchandise covered thereby may be appraised at less than that entered value, and further proceedings under this protest could not possibly benefit the plaintiff,

IT IS ORDERED that the motion for rehearing in this case be, and the same hereby is, denied.